UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. 1:24-cv-00129-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Docs. 1, 6<br><br>ORDER DENYING MOTIONS TO STAY<br><br>Docs. 7, 12, 14, 16 |

    Petitioner Tyrone Williams is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On January 31, 2024, the assigned magistrate judge issued findings and recommendations to dismiss the petition as unexhausted. Doc. 6. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. On February 15, 2024, petitioner filed objections to the findings and recommendations, requesting that the court stay his federal petition pending exhaustion of state remedies. Doc. 7.

1

Thereafter, petitioner filed two motions on March 21, 2024, and another motion on November 19, 2024, each of which requests a stay. Docs. 12, 14, 16. In *Mena v. Long*, the Ninth Circuit held "that a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines* [*v. Weber*, 544 U.S. 269 (2005)]." 813 F.3d 907, 910–11 (9th Cir. 2016). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996, *Rhines*, 544 U.S. at 277, and a petition should be stayed only when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Mena*, 813 F.3d at 910.

In this case, petitioner has failed to show good cause for a stay. In his objections and three subsequent motions, he does not attempt to establish good cause. *See* Docs. 7, 12, 14, 16. He contends that the prison refused to send out his mail from January 8, 2024, to January 25, 2024. Doc. 7 at 1. However, he fails to explain how this could have interfered with his ability to exhaust his claims in the state courts before filing his federal petition, which he filed on January 29, 2024. Doc. 1.

A petition containing both exhausted and unexhausted claims may be stayed pursuant to the procedure set forth by the Ninth Circuit in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: (1) the petitioner files an amended petition deleting the unexhausted claims; (2) the district court stays and holds in abeyance the fully exhausted petition; and (3) the petitioner later amends the petition to include the newly exhausted claims. *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). A *Kelly* stay does not require a finding of good cause. *Id*. at 1140. However, a *Kelly* stay is unavailable in this case because none of the claims in the petition are exhausted.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus

has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the determination that the petition should be dismissed debatable, wrong, or that the petition is deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on January 31, 2024, Doc. 6, are adopted in full;
2. The petition for writ of habeas corpus is dismissed;
3. The motions to stay, Docs. 12, 14, 16, are denied;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   December 13, 2024

UNITED STATES DISTRICT JUDGE

3